UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLIANCE HEALTH AND LIFE INSURANCE COMPANY, | Case No. 20-cv-12479 |
| Plaintiff, | Paul D. Borman |
| v. | United States District Judge |
| AMERICAN NATIONAL INSURANCE COMPANY | David R. Grand<br>United States Magistrate Judge |
| Defendant. | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 20)

On September 10, 2020, Plaintiff Alliance Health and Life Insurance Company filed a Complaint against American National Insurance Company to recover $950,742.64 allegedly owed under a Medical Excess Reinsurance Agreement ("Reinsurance Agreement") between the parties. (ECF No. 1.) Defendant filed the instant Motion to Dismiss on May 6, 2021, arguing that the entire dispute is covered by a mandatory arbitration clause in the Reinsurance Agreement. (ECF No. 20.) Defendant also filed a Motion to Stay Discovery pending the Motion to Dismiss (ECF No. 22), which this Court denied on June 4, 2021 (ECF No. 24.) Pursuant to E.D. Mich. LR 7.1(f)(2), the Court concludes that it is appropriate to decide this motion without a hearing.

Plaintiff Alliance Health and Life Insurance Company does not dispute that it consented to arbitration when it signed the Reinsurance Agreement with Defendant American National Insurance. Thus, it is bound by the arbitration provision of the Reinsurance Agreement, Provision 10.10. (Reinsurance Agreement, ECF No. 23-3 PageID.147–48.)

Provision 10.10 states that "[n]o arbitration may be commenced more than 3 years after the Effective Date of this Agreement." (*Id*., at PageID.147.) The effective date of the agreement is January 1, 2016. Plaintiff filed this action on September 10, 2020, more than three years after the effective date of the Agreement. Plaintiff argues that this dispute is not subject to arbitration due to that time limitation.

Precedent demands that this Court dismiss this case in favor of arbitration. In *United SteelWorkers of Am., AFL-CIO-CLC v. Saint Gobain Ceramics & Plastics, Inc.*, 505 F.3d 417, 419–22 (6th Cir. 2007) (en banc), the United States Court of Appeals for the Sixth Circuit observed that the Supreme Court's decisions in *John Wiley & Sons v. Livingston,* 376 U.S. 543 (1964), and *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79 (2002), set forth a "fairly straightforward rule":

> A time-limitation provision involves a matter of procedure; it is a "condition precedent" to arbitration, and it thus is "presumptively" a matter for an arbitrator to decide. In the absence of an agreement to the contrary, in the absence in other words of language in the agreement

> rebutting the presumption, arbitrators rather than judges should resolve disputes over time-limitation provisions.

*Id*. at 422 (internal citations omitted).

In the instant motion, the issue before the Court is a provision limiting the time period of arbitrability to three years. There is no provision in the arbitration agreement that indicates the parties agreed that a Court would decide questions of timeliness. In fact, the Reinsurance Agreement provides that "if any dispute shall arise … with reference to the interpretation of this Agreement or their rights with respect to any transaction involved, whether such dispute arises before or after termination of this Agreement, such dispute, upon the written request of either party, shall be submitted to three arbitrators … ." (ECF No. 23-2 PageID.146.) Thus, the presumption in favor of arbitration has not been rebutted, and this question of timeliness is one for the arbitrator to decide.

The Court also concludes that, in the exercise of its discretion, it will not grant Plaintiff's motion to dismiss the Defendant's Motion to Dismiss, that Plaintiff alleges was filed in violation of the E.D. Mich. Local Rule requiring the seeking of concurrence prior to filing a motion. (E.D. Mich. LR 7.1(a).) Defendants contest that allegation. The Court notes that pages 10–21 of Plaintiff's Response in Opposition (ECF No. 23 PageID.120–130) did not conform to E.D. Mich. LR 5.1(a)(2), which requires double spacing. The Court, in the exercise of its discretion, did not strike Plaintiff's Response.

Accordingly, the Defendants' Motion to Dismiss (ECF No. 20) is GRANTED, and Plaintiff's Complaint is DISMISSED.

SO ORDERED.

Dated: August 31, 2021

s/Paul D. Borman
Paul D. Borman
United States District Judge