UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLIANCE HEALTH AND LIFE
INSURANCE COMPANY,                        Case No. 20-cv-12479

                        Plaintiff,        Paul D. Borman
v.                                        United States District Judge

AMERICAN NATIONAL INSURANCE              David R. Grand
COMPANY,                                 United States Magistrate Judge

                        Defendant.

## OPINION AND ORDER TO AMEND JUDGMENT (ECF No. 27)

**Procedural History**

On August 31, 2021, this Court entered an Order Granting Defendant's Motion to Dismiss, (ECF No. 26), and a corresponding Judgment, (ECF No. 27).

31 days later, on September 30, Plaintiff filed a Motion for Relief from Judgment. (ECF No. 31). In this Motion, Plaintiff asks the Court, pursuant to Federal Rule of Civil Procedure 60(b)(6), to "either (1) set aside its judgment and stay all proceedings under 9 U.S.C. § 3 pending resolution of the time limitation question in Provision 10.10 [of the parties' Arbitration Agreement] or (2) clarify that its order and judgment are without prejudice." (PageID 191).

Defendant filed a Response on October 14. (ECF No. 32). In it, Defendant emphasizes that "Rule 60(b)(6) applies *only* in 'exceptional or extraordinary circumstances where principles of equity mandate relief.'" (PageID 207) (emphasis

1

original) (quoting *West v. Carpenter*, 790 F.3d 693, 696–97 (6th Cir. 2015)).

Defendant argues that no such circumstances exist here. (PageID 213–16).

Defendant also argues that Plaintiff's Motion is properly characterized as a request

under Federal Rule of Civil Procedure 59(e)—not 60(b)—and is therefore untimely.

(PageID 208).

In its October 21 Reply, (ECF No. 33), Plaintiff reasserts its request for the

"simple clarification" listed above, (PageID 225), and claims that it "undoubtedly

will suffer prejudice if the Court does not grant relief from its judgment." (PageID

231).

**Analysis**

The Court notes that Plaintiff filed its Motion too late to seek relief under

Federal Rule of Civil Procedure 59(e) (Motion to Alter or Amend a Judgment) or

Eastern District of Michigan Local Rule 7.1 (Motion for Reconsideration). *See* Fed.

R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than

28 days after the entry of the judgment"); Fed. R. Civ. P. 6(b)(2) ("[a] court must

not extend the time to act under Rule[] . . . 59[] . . . (e)"); L.R. 7.1(h)(1) ("A motion

for rehearing or reconsideration must be filed within 14 days after entry of the

judgment or order."). The Court also maintains that it was correct not to stay the case

under 9 U.S.C. § 3 because neither party "cite[d] § 3 or adequately request[ed] a

stay." *Boykin v. Fam. Dollar Stores of Mich., LLC*, 3 F.4th 832, 837 (6th Cir. 2021);

9 U.S.C. § 3 ("[i]f any suit or proceeding be brought in any of the courts of the

United States upon any issue referable to arbitration . . . the court . . . shall *on*

*application of one of the parties* stay the trial of the action until such arbitration has

been had" (emphasis added)). Rather, before this Court issued its Judgment, Plaintiff

argued that the case should continue in federal court and never mentioned the

possibility of a stay. And Defendant only requested a stay of *discovery* pending its

Motion to Dismiss, (ECF No. 24); it did not ask the Court to stay the entire case

pending arbitration.[1]

    Moreover, the Court finds that Plaintiff is not entitled to relief from its

Judgment under Federal Rule of Civil Procedure 60(b)(6) because these are not

"*exceptional* or *extraordinary* circumstances where principles of equity mandate

relief." *West*, 790 F.3d at 696–97 (emphasis added); *see also Pierce v. United Mine*

*Workers of Am. Welfare & Ret. Fund for 1950 & 1974,* 770 F.2d 449, 451 (6th Cir.

1985) ("Because of the residual nature of Rule 60(b)(6), a claim of simple legal error,

unaccompanied by extraordinary or exceptional circumstances, is not cognizable

---

[1] Further, Defendant's Motion to Dismiss only mentions § 3 once, in a parenthetical noting that the Supreme Court cited it as support for the proposition that the Federal Arbitration Act "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." (ECF No. 20, PageID 77) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

under Rule 60(b)(6)."); *McKnight v. U.S. Steel Corp.*, 726 F.2d 333, 338 (7th Cir. 1984) ("a 60(b) motion is not a substitute for an appeal").

However, the Court finds it appropriate to grant Plaintiff's requested relief under Federal Rule of Civil Procedure 60(a). This rule states:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

The Court can proceed under this rule because it has the power to raise it *sua sponte*, *see Olle v. Henry & Wright Corp.*, 910 F.2d 357, 363 (6th Cir. 1990), and because the Sixth Circuit has held the appeal of this case "in abeyance until after" this Court rules on Plaintiff's Motion, Notice at 1, *Alliance Health & Life Ins. V. Am. Nat'l Ins. Co.*, 21-2995 (6th Cir. Oct. 4, 2021) (Doc. No. 3).

Rule 60(a)'s "basic purpose . . . is to authorize the court to correct errors that are mechanical in nature and that arise from oversight or omission." *Richards v. Ohio Civ. Serv. Emps. Ass'n*, 205 F. App'x 347, 355 (6th Cir. 2006). "A court acts properly under [Rule 60(a)] when it is necessary to correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial." *Id.*

For example, in *York*, a district court within the Sixth Circuit amended an Order of dismissal under Rule 60(a) "to clarify that the dismissal was without prejudice." *York v. Velox Express, Inc.*, 2019 WL 3718806, at *2 (W.D. Ky. Aug. 7,

4

2019). The court explained that, although it had "mistakenly failed to specify" that the dismissal was without prejudice, it had "always intended" for it to be that way. *Id.*; *see also Boran v. United Migrant Opportunity Servs., Inc.*, 99 F. App'x 64, 67 (7th Cir. 2004) ("[W]hile the district at first characterized the dismissal as with prejudice, it later corrected that error *sua sponte*, as it was empowered to do under Rule 60(a).").

Similarly, this Court will amend its Judgment to include the words "without prejudice." The Court always intended for this result. Indeed, "'most district courts throughout this circuit agree that the best procedure for enforcing arbitration Agreements is to dismiss the court action *without prejudice*.'" *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 495 F. Supp. 3d 541, 549–50 (E.D. Mich. 2020) (emphasis added) (alteration marks omitted) (quoting *Debro v. French*, 2017 WL 927622, at *4 (E.D. Mich. Feb. 16, 2017), *report and recommendation adopted by* 2017 WL 914216 (E.D. Mich. Mar. 8, 2017)). And the language of this Court's original Order reflected that. In the Order, the Court noted that Defendant had "argu[ed] that the *entire dispute* is covered by a mandatory arbitration clause." (ECF No. 26, PageID 176). But despite this broad language, the Court did not state that the *entire* dispute would necessarily be resolved by arbitration; instead, the Court narrowly ordered that the "question of timeliness is one for the arbitrator to decide." (PageID 178).

Accordingly, this amendment will allow the Plaintiff to refile in federal court should the arbitrator fail to resolve the parties' *entire* dispute. For example, the arbitrator might find that he or she is time-barred from considering the case at all, and thus decline to decide the question of whether Plaintiff can seek relief in another forum, such as federal court.[2]

Plaintiff also asks this Court to clarify whether it dismissed the case based on Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). (ECF No. 31, Motion for Relief from Judgment, PageID 194–96). But the Court cannot reach this issue through Rule 60(a) because it did not consider the issue before it entered its original Judgment. For better or worse, Sixth Circuit district courts routinely dismiss cases based on arbitration agreements without specifying the grounds for dismissal. *See, e.g.*, Order at 3, *Alliance Health & Life Ins. Co. v. Symetra Life Ins. Co.*, 20-cv-00431 (W.D. Mich. Feb. 10, 2021) (Doc. No. 27); Order at 2, *Telecom Decision Makers, Inc. v. Access Integrated Networks Inc.*, 14-cv-00613 (W.D. Ky. Sept. 29, 2015) (Doc. No. 22) ("This action is DISMISSED without prejudice.").[3]

---

[2] Plaintiff raised this question in its Response to Defendant's Motion to Dismiss, arguing that the Court could address this case's underlying dispute because it is time-barred from arbitration. (ECF No. 23, PageID 125–26).

[3] The *movants* in both of these cases did specify that they sought dismissal based on 12(b)(6). *See* Motion to Dismiss at 2, *Alliance Health & Life Ins. Co. v. Symetra Life Ins. Co.*, 20-cv-00431 (W.D. Mich. June 12, 2020) (Doc. No. 12); Motion to Dismiss at 1, *Telecom Decision Makers, Inc. v. Access Integrated Networks Inc.*, 14-cv-00613 (W.D. Ky. Sept. 12, 2014) (Doc. No. 5). But the *court orders* did not mention this provision, or any other 12(b) provision.

Still, the Court notes that that any future court would likely regard its dismissal as one for failure to state a claim (now without prejudice). *See Baker v. Iron Workers Local 25 Vacation Pay Fund*, 999 F.3d 394, 400 (6th Cir. 2021) ("Because an arbitration agreement presents a reason to dismiss under 12(b)(6), not under 12(b)(1), the court should have dismissed the case for failure to state a claim. We nonetheless may correct the label on our own and affirm all the same." (internal citation omitted)); *Nealy v. Shelly & Sands, Inc.*, 852 F. App'x 879, 881 (6th Cir. 2021) ("We consider a Rule 12(b)(1) motion to dismiss based on a failure to arbitrate as a motion to dismiss for failure to state a claim upon which relief may be granted."); *Knight v. Idea Buyer, LLC*, 723 F. App'x 300, 301 (6th Cir. 2018) ("A motion to dismiss pursuant to an arbitration agreement should . . . be construed as a Rule 12(b)(6) motion even if it is mislabeled as a Rule 12(b)(1) motion.").

**Conclusion**

For the reasons listed above, the August 31, 2021 Judgment, (ECF No. 27), is hereby **VACATED**. The Court will enter an Amended Judgment that reflects the fact that Plaintiff's Complaint has been dismissed **without prejudice**.

**IT IS SO ORDERED.**

Dated: November 4, 2021        s/Paul D. Borman
       Paul D. Borman
       United States District Judge